UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICENTE BAHENA, JONAS BAHENA, JOSE CRUZ AYALA, and RAFAEL RODRIGUEZ, *on behalf of themselves and all others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> PARK AVENUE SOUTH MANAGEMENT LLC, GILANCO HOLDINGS LLC, 3850 BROADWAY HOLDING LLC, BARBERRY ROSE MANAGEMENT COMPANY, INC., 2500 ACP PARTNERS LLC, 2500 SEVENTH AVENUE ASSOCIATES LLC, AMSTERDAM ASSOCIATES LLC, NOAM CORPORATION d/b/a/ NOAM MANAGEMENT GROUP, 26 STAR LLC, EMO REALTY PARTNERS LLC, MAURICE MCKENZIE, and EDWARD M. OSTAD, <br><br> Defendants. | ECF Case <br><br> No. 15-CV-1507 (VSB) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE TO THE CLASS
PURSUANT TO FLSA § 216(b)**

Dated: Carle Place, NY
April 29, 2016

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown, Esq.
Laura R. Reznick, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

*Attorneys for Defendants 2500 ACP Partners  LLC,
Amsterdam Associates LLC, EMO Realty Partners
LLC, and Edward M. Ostad*

**FOX ROTHSCHILD LLP**

Carolyn D. Richmond, Esq.
James Lemonedes, Esq.
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Attorneys for Defendants Park Avenue South Management LLC and Maurice McKenzie*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Eric Raphan, Esq.
Sean J. Kirby, Esq.
30 Rockefeller Plaza
New York, New York 10012
(212) 653-8700

*Attorneys for Defendant Gilanco Holdings, LLC*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ............................................................................................................. 4

   I.   PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION UNDER 29 U.S.C. § 216(b) SHOULD BE DENIED .................................................. 4

    A.  Legal Standard ................................................................................................. 4

    B.  Plaintiffs Have Failed to Make Even the Modest Factual Showing that Other Employees Are "Similarly Situated" ............................................................... 5

       1.  Plaintiffs Have Failed to Set Forth a Common Policy that Violated the FLSA ........... 6

       2.  Plaintiffs Do Not Set Forth Any Basis for their Knowledge of Other Employees' Pay or Work Hours ........................................................... 8

          i.  Plaintiffs Do Not Identify Any Similarly Situated Individuals ................................ 8

         ii.  None of the Plaintiffs worked at the same job site as any other Superintendents .... 9

        iii.  Plaintiffs Have Not Established Knowledge of Other Employees' Hours or Compensation ................................................................. 10

    C.  Plaintiffs' Motion Should Be Denied Because Individualized Inquiries Are Required 11

   II.  PLAINTIFFS' PROPOSED NOTICE CONTAINS NUMEROUS DEFICIENCIES ..... 13

    A.  The Wording of the Notice is Not Neutral and Contains Factual Inaccuracies ........... 13

    B.  The Notice Should More Fully Inform Recipients of their Potential Discovery Obligations if they Opt In ............................................................................. 14

    C.  Notice Should Only Be Sent to Superintendents Who Worked for Defendants in the Last Two Years ........................................................................... 14

       1.  The Notice Period Should Not Include Claims that are Time-Barred under the FLSA 15

       2.  The Two-Year Period for Non-Willful Violations Should Apply ............................ 16

    D.  The Notice Should Only Reference Plaintiffs' FLSA Claims ...................................... 17

    E.  The Opt-In Period Should Be 60 Days ........................................................ 17

    F.  Plaintiff Has Not Established That Email Addresses or Social Security Numbers Are Needed For The Collective. ........................................................................ 17

CONCLUSION ........................................................................................................ 18

## <u>TABLE OF AUTHORITIES</u>

**Second Circuit Opinions**

Barry v. S.E.B. Serv. of N.Y., No. 11-CV-5089 (SLT) (JMA), 2013 U.S. Dist. LEXIS 166746 (E.D.N.Y. Nov. 22, 2013) ......................................................... 16

Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) ......................................... 18

Delaney v. Geisha NYC, L.L.C., 261 F.R.D. 55 (S.D.N.Y. 2009) ............................... 18

Diaz v. Elec. Boutique of Am., Inc., No. 04-CV-0840E, 2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) ......................................................... 11

Fang v. Zhuang, No. 10 Civ. 1290, 2010 WL 5261197 (E.D.N.Y. Dec. 1, 2010) ...................... 17

Flores v. Osaka Health Spa, Inc., No. 05 Civ. 962, 2006 WL 695675 (S.D.N.Y. Mar. 16, 2006)  10

Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306 (S.D.N.Y. 2013) ........... 15, 16

Greene v. C.B. Holding Corp., No. 10-cv-1094, 2010 WL 3516566 (E.D.N.Y. Aug. 12, 2010) . 4

Guan Ming Lin v. Benihana Nat'l Corp., 275 F.R.D. 165 (S.D.N.Y. 2011) ............................... 18

Guan Ming Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504 (S.D.N.Y. 2010) .................. 5, 10

Hamadou v. Hess Corp., 915 F. Supp. 2d 651 (S.D.N.Y. 2013) ....................................... 8, 10, 15

Hoffmann v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997) ........................................... 4

Iriarte v. Cafe 71, Inc., No. 15 Civ. 3217 (CM), 2015 U.S. Dist. LEXIS 166945 (S.D.N.Y. Dec. 10, 2015) ......................................................... 15, 18

Khan v. Airport Management Servs., Inc., No. 10 civ. 7735, 2011 WL 5597371, at *4-*5 (S.D.N.Y. Nov. 16, 2011) ......................................................... 5, 10

Laroque v. Domino's Pizza, L.L.C., 557 F. Supp. 2d 346 (S.D.N.Y. 2008) ............................... 10

Levinson v. Primedia, Inc., No. 02 Civ. 2222, 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) ..... 8

Llolla v. Karen Gardens Apt. Corp., No. 12-CV-1356 (MKB) (JO), 2014 U.S. Dist. LEXIS 44884 (E.D.N.Y. Mar. 10, 2014) ......................................................... 6

Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) ........ 5

Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010) ............................................... 4, 5

Niemiec v. Ann Bendick Realty, No. 04-cv-00897, 2007 WL 5157027 (E.D.N.Y. Apr. 23, 2007)  16

Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614 (E.D.N.Y. June 12, 2006) ...... 4, 5

Romero v. H.B. Auto. Group, Inc., No. 11 Civ. 386, 2012 WL 1514810 (S.D.N.Y. May 1, 2012) 5, 10

Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508 (E.D.N.Y. 2011) ................... 9

Sharma v. Burberry Ltd., 52 F. Supp. 3d 443 (E.D.N.Y. 2014) ................................... 9

Trinidad v. Pret A Manger Ltd., 962 F. Supp. 2d 545 (S.D.N.Y. 2013) ................................... 15

Wang v. Empire State Auto Corp., No. 14 Civ. 1491 (WFK) (VMS), 2015 U.S. Dist. LEXIS 99089, 2015 WL 4603117 (E.D.N.Y. June 29, 2015) ................................... 9

<u>Whitehorn v. Wolfgang's Steakhouse, Inc.</u>, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) .............. 17, 18

**United States Code**

29 U.S.C. § 201 ......................................................................................................................... 1

29 U.S.C. § 216(b) ............................................................................................................ 1, 4, 18

29 U.S.C. § 255(a) .............................................................................................................. 14, 15

**New York State Statutes**

 N.Y. Lab. Law § 195 ........................................................................................................... 16

 12 N.Y.C.R.R. § 141-34 ....................................................................................................... 16

## PRELIMINARY STATEMENT

Defendants Edward Ostad, 2500 ACP Partners, LLC, EMO Realty Partners, LLC, and Amsterdam Realty Partners, LLC ("Ostad Defendants") and Park Ave. South Management, LLC and Maurice McKenzie ("Park Ave. Defendants"), and Gilanco Holdings, LLC ("Gilanco" and collectively with Ostad Defendants and Park Ave. Defendants, "Defendants") submit this memorandum of law in opposition to Plaintiffs Vicente Bahena, Jonas Bahena, Jose Cruz Ayala and Rafael Rodriguez's (collectively "Plaintiffs") Motion for Conditional Certification of a Collective Action Pursuant to 29 U.S.C. § 216(b) (hereinafter the "Motion").

Plaintiffs seek conditional certification of their claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and request permission to send court-authorized notice to all Building Superintendents who worked at buildings managed by Defendant Park Avenue South Management, LLC within the past six years. While the threshold for satisfying conditional certification is not stringent at this stage of the litigation, Plaintiffs nevertheless fail to meet the applicable standard.

Under the FLSA, to certify a collective action prior to the close of discovery (so called "conditional certification"), Plaintiffs must show that they are "similarly situated" with members of the putative collective by making a modest factual showing that they and putative collective members were victims of a common policy or plan that violated the FLSA. To satisfy this standard, Plaintiffs must show that there is a factual nexus between their situation and the situation of putative collective members. Plaintiffs cannot rely on conclusory or unsupportable allegations, but instead must set forth concrete factual assertions. Because Plaintiffs have failed to do so, their Motion should be denied.

In support of their Motion, Plaintiffs did not submit affidavits or declarations from any of the putative collective members, even though it has been over one year since they commenced this action. Despite the fact that the parties have exchanged documents and commenced discovery, Plaintiffs did not submit any documentation or records that support their assertion that they and the putative collective were allegedly victims of a common practice by Defendants to underpay employees. Instead, Plaintiffs' Motion relies exclusively on their own affidavits and declarations, which do not put forth any information beyond their own situations, as well as the affidavit of a former supervisor of Park Avenue South Management. The former supervisor's affidavit does not contain any facts showing that Defendants had a common policy or practice that impacted putative collective action members and which may have violated the FLSA. In short, the affidavits, declarations, and other documents that Plaintiffs put forth in support of their Motion are simply insufficient to satisfy their burden of proving that a factual nexus exists between themselves and putative collective action members.

Moreover, Plaintiffs do not provide any facts in their affidavits and declarations that support their specious claim that they are similarly situated to any potential collective action member. This is not surprising, as the putative collective action members worked and resided in different buildings from the ones at which Plaintiffs worked. Plaintiffs' affidavits and declarations do not provide any information about the tasks and duties of putative collection action members, nor do they explain how their job duties and tasks were similar to putative collective action members. Plaintiffs' affidavits and declarations also fail to provide any facts about how putative collective action members were paid or compensated. In fact, none of the Plaintiffs set forth any "facts" about any other person other than themselves.

Plaintiffs simply have not demonstrated any knowledge about the job duties and responsibilities, much less the pay and hours worked, of putative collective action members. As such, Plaintiffs have not established the necessary factual nexus that they and the putative collective are similarly situated; thus, Plaintiffs' Motion should be denied.

In addition, Plaintiffs' Motion should be denied because their claims inherently require individualized inquiries. Courts have held that if adjudicating plaintiffs' claims would require individualized analysis and inquiry for each plaintiff and opt-in, a motion for FLSA conditional certification should be denied. Here, Plaintiffs' claims certainly require an individualized analysis and inquiry. Plaintiffs are only entitled to be paid for hours actually worked. Since Plaintiffs worked and resided in separate buildings and allege that they worked a different amount of hours each week, the Court will inevitably have to go through a fact intensive inquiry for each individual to determine how much time each Plaintiff and potential opt-in actually spent actively working. This is complicated by the fact that, by their own admission, Plaintiffs were paid separately as independent contractors to perform tasks outside their normal job duties, and such time performed for work performed as independent contractors cannot be part of their wage claim. These complexities ensure that individualized inquiries will be required.

For these reasons, Plaintiffs' Motion should be denied and this action should not be conditionally certified as a FLSA collective action.

## ARGUMENT

### I. PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION UNDER 29 U.S.C. § 216(b) SHOULD BE DENIED

#### A. Legal Standard

Section 216(b) of the FLSA authorizes the Court to "conditionally certify" a collective action and permit mailing of court-authorized notice to potential opt-in plaintiffs in appropriate cases only when the representative plaintiff has demonstrated that he or she is similarly situated to the potential opt-in plaintiffs. *See* 29 U.S.C. § 216(b); Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010). In order to satisfy the "similarly situated" standard, the representative plaintiff must make a "'modest factual showing' that [he or she] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Id. at 554 (*quoting* Hoffmann v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997)).

This requirement will only be met when the representative plaintiff sets forth factual allegations – not conclusory or unsupported allegations – demonstrating a factual nexus between the representative plaintiff's situation and the situation of those individuals he or she asserts are "similarly situated". *See* Greene v. C.B. Holding Corp., No. 10-cv-1094, 2010 WL 3516566, at *3 (E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough."); Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006 ) (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations.").

In considering whether the representative plaintiff has satisfied the burden of proving that he or she is similarly situated to those he or she seeks to represent, courts will examine the

representative plaintiff's pleadings and declarations and the declarations submitted by any potential opt-in plaintiffs. *See* Lin v. Benihana Nat'l Corp., 755 F. Supp.2d 504, 509 (S.D.N.Y. 2010); Prizmic, 2006 WL 1662614, at *2. When the pleadings and declarations submitted by a representative plaintiff do not establish the required factual nexus or are based on conclusory assertions, "conditional certification" should be denied. *See* Romero v. H.B. Automotive Group, Inc., No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and that "[c]onclusory allegations are not enough[.]") (quoting *Myers*, 624 F.3d at 555); Khan v. Airport Management Servs., Inc., No. 10 civ. 7735, 2011 WL 5597371, at *4-*5 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); Prizmic, 2006 WL 1662614, at *3 (denying conditional certification because plaintiff did not submit any evidence establishing the required factual nexus); Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion).

## B. Plaintiffs Have Failed to Make Even the Modest Factual Showing that Other Employees Are "Similarly Situated"

Plaintiffs have failed to meet even their modest burden of demonstrating that other employees are similarly situated for two reasons. First, the evidence they put forward is insufficient to establish the existence of a "common plan or policy" regarding the hours proposed collective members worked or the amount they were paid. Additionally, Plaintiffs' proposed collective consists of superintendents who perform isolated job duties at separate and distinct facilities, and Plaintiffs have failed to demonstrate that they had personal knowledge of (1) the hours other individuals worked, (2) the job duties and responsibilities of superintendents at other

facilities, (3) who managed and controlled the work environments at those other facilities, and (4) how those individuals were paid at other facilities.

### 1. Plaintiffs Have Failed to Set Forth a Common Policy that Violated the FLSA

Plaintiffs have failed to satisfy the "modest factual showing" required for conditional certification because they have failed to put forth more than the conclusory allegation that Plaintiffs and putative collective members were subject to a "common policy or plan that violated the law."

In support of their Motion, Plaintiffs submitted their own affidavits and the affidavit of a former supervisor of Park Avenue South Management. However, these affidavits do not provide any facts that suggest putative collective members were subject to a "common policy or plan that violated the law." Further, aside from vague assertions about conversations with unnamed employees at other unidentified buildings, none of the Plaintiffs' affidavits contains facts that would indicate a common policy or practice of requiring anyone other than themselves to actively work more than 40 hours per week.[1] Indeed, Plaintiffs' affidavits do not set forth any information beyond their own personal experiences. *See* Pl. Ex. J – M.

As for the affidavit submitted by the former supervisor, Genaro Silviero, this sworn statement also does not demonstrate that Defendants had a common policy or practice impacting putative collective action members that violated the FLSA. *See* Dkt. No. 90-14, Pl. Exhibit N. The Silviero Affidavit contains no facts about how many hours Plaintiffs and other employees worked or how much they were paid. At most, Silviero's Affidavit demonstrates that the Park Ave. Defendants had a common policy of paying superintendents every two weeks and requiring

---

[1] Under the applicable caselaw in the Court's sister district, any on-call time in which Plaintiffs were not actively working is not compensable. *See* Llolla v. Karen Gardens Apt. Corp., No. 12-CV-1356 (MKB) (JO), 2014 U.S. Dist. LEXIS 44884, at *22 (E.D.N.Y. Mar. 10, 2014) (residential superintendent not entitled to compensation for on-call time because the on-call hours were not predominantly "for the employer's benefit.").

them to be available to answer tenant calls and/or handle emergencies outside of regular business hours and to notify a supervisor when they were unavailable to do so. Clearly, these facts are insufficient to demonstrate that Plaintiffs and other superintendents were subject to a "common unlawful policy or practice" that may have violated the FLSA.

Plaintiffs' assertion of a common policy or practice is further undermined by their contradictory assertions regarding who was responsible for the alleged common policy to violate the FLSA. Plaintiffs claim that employees at over 60 buildings managed by the Park Avenue South Defendants were subject to this common policy or practice of violating the FLSA, but maintain that the evidence they put forward "shows that at least McKenzie, Ostad, and Park Avenue South subjected Plaintiffs and the potential class members to a 'common unlawful policy or practice.'"

While Defendants vigorously dispute Plaintiffs' contention that the Ostad Defendants or Gilanco had any role in any alleged FLSA violations,[2] it should be noted that Plaintiffs have only identified four buildings owned by Defendant Ostad and one owned by Gilanco. Moreover, Defendants' declarations demonstrate that many buildings managed by Park Ave. South are not and were never owned or managed by Ostad or any entity with which he has ever been affiliated. See **Exhibits A-B**[3]. If, as Plaintiffs allege, Ostad played a role in subjecting Plaintiffs and proposed collective members to a common unlawful practice, such a practice by definition could only be common to the small subset of buildings Ostad owned.

Accordingly, Plaintiffs have not satisfied their minimal burden that Defendants had a common policy or practice affecting putative collective action members that violated the FLSA. As such, Plaintiffs' motion should be denied.

---

[2] Defendant Ostad had no role in managing the buildings or hiring, firing, or controlling building employees such as Plaintiffs. *See* Ex. A ("Declaration of Edward Ostad").
[3] Unless otherwise noted, all exhibits referenced herein are annexed to the Brown Declaration.

## 2. Plaintiffs Do Not Set Forth Any Basis for their Knowledge of Other Employees' Pay or Work Hours

To satisfy the requisite factual showing for class certification, the representative plaintiffs must provide some basis for their knowledge that other employees are "similarly situated". *See, e.g.,* Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 665 (S.D.N.Y. 2013) ("In granting conditional certification, courts have relied on allegations that specifically identify other employees who have complained of the same practices as the plaintiffs; statements are deemed 'conclusory' where they fail to identify particular employees or make specific allegations."); Levinson v. Primedia, Inc., No. 02 Civ. 2222, 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) (denying conditional certifications where plaintiffs merely alleged that they were not paid overtime or the minimum wage, but provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

Here, Plaintiffs have failed to meet this requirement because they have a) failed to actually identify any of the employees they believe to be similarly situated; b) put forth no evidence that they had any significant interaction with other employees, none of whom worked at the same job site as Plaintiffs; and c) identified no specific knowledge of the hours other employees worked or how much they were paid.

### i. Plaintiffs Do Not Identify Any Similarly Situated Individuals

Where, as here, affidavits and declarations are the sole evidence used to demonstrate the existence of "similarly situated" individuals, courts in the Second Circuit have required such sworn statements to identify specific individuals who plaintiffs believe to be similarly situated. *See* Fa Ting Wang v. Empire State Auto Corp., No. 14-CV-1491, 2015 U.S. Dist. LEXIS 99089, 2015 WL 4603117, at *9 (E.D.N.Y. July 29, 2015) (finding plaintiff's general statement in affidavit that he knew 30 other coworkers not paid overtime insufficient to establish that they

8

were similarly situated without describing basis for knowledge, identifying their names, or describing specific conversations with them); *compare also* Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508, 515 (E.D.N.Y. 2011) ("courts regularly grant conditional certification of collective actions based on employee affidavits setting forth an employer's failure to pay minimum wage or overtime and *identifying similarly situated employees by name*.") (*emphasis added*).

Here, while Plaintiffs claim to have been "friendly" with other superintendents from neighboring buildings, they do not any name or otherwise identify any such individuals. Nor do they identify any of the neighboring buildings at which other superintendents worked.

### ii. None of the Plaintiffs worked at the same job site as any other Superintendents

Plaintiffs' vague assertions that they were aware of other employees who were similarly situated are especially insufficient in this case because Plaintiffs each worked at different buildings, and none of them claim to have actually worked with any of the other employees they allege are "similarly situated." The nature of their jobs facilitated little if any interaction with other superintendents. Indeed, the only interactions Plaintiffs have attested to are occasional encounters with other employees at the Park Avenue South Office when they picked up their paychecks, as well as a vague assertion of being "friendly" with other superintendents from neighboring buildings. *E.g.* Pl. Ex. M ¶ 15.

Courts have frequently denied 216(b) certification where plaintiffs sought to proceed collectively on behalf of employees at other work locations. *See, e.g.,* Sharma v. Burberry Ltd., 52 F. Supp. 3d 443, 458 (E.D.N.Y. 2014) (manager's testimony that store associates regularly worked off the clock 'in every store' was "too conclusory to support [conditional] certification of all New York stores absent any factual details of which stores he is referring to and the basis for

his knowledge."); <u>Hamadou v. Hess Corp.</u>, 915 F. Supp. 2d 651, 666 (S.D.N.Y. 2013) ("Courts have repeatedly denied conditional certification of a statewide class (or a nationwide class) where plaintiffs have alleged that a de facto unlawful policy exists, but have only presented facts pertinent to several locations in a particular region."); <u>Laroque v. Domino's Pizza, LLC</u>, 557 F. Supp. 2d 346, 356 (S.D.N.Y. 2008) (conditionally certifying employees at the store where plaintiffs worked, but declining to certify employees at five other stores where the evidence relating to those five stores amounted to three hearsay statements and a putative class member's "generalized allegations of wrongdoing" regarding one of the stores).

### iii. Plaintiffs Have Not Established Knowledge of Other Employees' Hours or Compensation

Plaintiffs testified that as a result of "interactions" with other superintendents when they picked up their paychecks, they were "aware that the other superintendents managed by Park Avenue South Management did work similar to mine and worked a lot of overtime hours but were not being paid minimum wage or overtime pay." *E.g.* Pl. Ex. K ¶ 17. This vague assertion falls far short of the specific facts needed to demonstrate personal knowledge of a common policy or practice to violate the FLSA. *See, e.g.,* <u>Khan</u>, 2011 WL 5597371, at *4-*5 (denying conditional certification because plaintiff's submission in support of his motion was based, in part, on plaintiff's declaration in which he claimed to have spoken to numerous employees of defendant but did not include any facts about the substance of the alleged conversations or when they took place); *see also* <u>Romeo</u>, 2012 WL 1514810, at *10 (denying conditional certification in part because plaintiff's submission in support of her motion was limited to her own situation and her statement that on "knowledge and belief" there were others similarly situated, which was insufficient to prove the required factual nexus); <u>Lin</u>, 755 F. Supp.2d at 510 (denying conditional certification in part because declarations submitted by plaintiffs only contain vague assertions

about the situation of putative collective members); <u>Flores v. Osaka Health Spa, Inc.</u>, No. 05 Civ. 962, 2006 WL 695675 *3 (S.D.N.Y. Mar. 16, 2006) (denying conditional certification and noting that plaintiff did not provide any facts to establish the basis for her belief that others were similarly situated to her).

Accordingly, Plaintiffs' do not put forth any evidence of a common policy or practice beyond their own individualized situations and therefore their motion should be denied.

### C. Plaintiffs' Motion Should Be Denied Because Individualized Inquiries Are Required

Courts should deny conditional certification when adjudicating the claims of plaintiff and the putative collective would require individualized analysis and inquiry. *See* <u>Diaz v. Elec. Boutique of America, Inc.</u>, No. 04-CV-0840E, 2005 WL 2654270, at *5 (W.D.N.Y. Oct. 17, 2005). Here, Plaintiffs' claims necessitate significant individualized inquiries.

Having failed to allege sufficient facts indicating that they were entitled to be paid for the time they spent on call in their apartments, Plaintiffs and proposed collective members are only entitled to be paid for the time they spent actively working. Thus, individual inquiries will be required to determine how much time each Plaintiff and potential opt-in actually spent actively working. While Plaintiffs have failed to provide any details about their regular schedules or which hours they included in their weekly estimate of hours worked, the number of hours each Plaintiff claims to have worked varies significantly, from 60 to 96[4], despite the fact that they claim to have had identical job duties.[5]

---

[4] In their affidavits and declarations submitted in conjunction with this Motion, all four Plaintiffs claim to have worked 70 hours per week. However, this is inconsistent with the allegations made in their First Amended Complaint, and Plaintiffs have offered no explanation for the discrepancy.

[5] In their First Amended Complaint, Plaintiffs allege that their duties included collecting and taking out the garbage on a daily basis, making minor apartment repairs including minor plumbing, flooring, roofing and electrical work, maintaining building boilers, checking hallways for cleanliness and maintenance issues, and cleaning inside and outside the building. First Amended Compl. ¶ 51.

The individual inquiries regarding hours actually worked is complicated by the fact that by their own admission, Plaintiffs were paid separately as independent contractors to perform tasks outside their normal job duties. Silviero Aff. ¶ 10.[6] While Plaintiffs have not indicated whether they included the time spent on those extra jobs in their calculations of how many hours they worked, common sense dictates that it is unlikely that they would have time for these side jobs outside of the 60 to 90 hours per week they claim to have worked. Because Plaintiffs were paid separately for the extra jobs, which by their own admission fell outside their normal duties, any time spent on those jobs must be deducted from their hours worked for minimum wage and overtime purposes.

Additionally, Plaintiffs allege they were sometimes forced to hire additional employees out of their own pockets, but have produced no pay and time records for the employees they claim to have hired. Silviero Aff. ¶ 7. Thus, to the extent Plaintiffs seek reimbursement for the wages they allegedly paid to other employees, testimony will be required from both the individual collective members and any individuals they hired. Moreover, once the employees Plaintiffs claim to have hired are called to testify, it is possible that those individuals might assert claims against Plaintiffs and opt-ins for their own potential FLSA and NYLL violations[7], adding another layer of complexity to this case.

Defendants maintain that these complexities, as well as Plaintiffs' failure to demonstrate a common unlawful policy or practice, make this case ill-suited for collective treatment. At a minimum, if the Court does decide that notice should be authorized, notice should be limited to

---

[6] Plaintiffs do not claim that they were misclassified as independent contractors for these tasks, and in fact allege that they were free to do those jobs themselves or hire someone else to do them. Silviero Decl. ¶ 7.

[7] For example, Plaintiffs have not produced the annual Wage Notices or weekly paystubs for the sub-employees they claim to have hired out of their own pockets. Assuming that Plaintiffs did not issue these documents to their sub-employees, any sub-employees called in to testify would be able to assert claims against Plaintiffs for violating NYLL § 195.

buildings owned by the Ostad and Gilanco Defendants[8] and should not include employees of buildings owned by unrelated individuals and entities.

For all of these reasons, Plaintiffs' motion should be denied.

## II. PLAINTIFFS' PROPOSED NOTICE CONTAINS NUMEROUS DEFICIENCIES

For the reasons set forth above, conditional certification should not be granted and court-authorized notice should not be issued. However, in the event that the Court is inclined to grant conditional certification, Plaintiff's proposed notice contains numerous deficiencies that must be corrected.

### A. The Wording of the Notice is Not Neutral and Contains Factual Inaccuracies

As currently written, Plaintiffs' proposed notice is directed to:

> *"Building Superintendents in a building managed by Park Avenue South Management LLC and did not receive minimum wage for all hours worked." and/or did not receive overtime wages at a rate of 1.5 times your regular rate of pay for all hours worked greater than 40 in a given workweek."*

Pl. Ex. O at 1.  This definition is clearly inappropriate, as it implies that Plaintiffs and proposed collective members were in fact not paid minimum wage for all hours worked and/or were not properly paid overtime, a contention that Defendants vigorously dispute. If the Court authorizes notice, Defendants respectfully request that the above language be replaced with the following:

> *Individuals who have worked as Building Superintendents in a building managed by Park Avenue South Management LLC at any time since December 1, 2013[9]."*

---

[8]   During the relevant time period, the Park Ave. Defendants managed only one building owned by Gilanco, the building located at 3850 Broadway, New York, New York, until Gilanco sold the building on August 26, 2014.

[9]   In the event the Court permits Plaintiffs to send the notice to Building Superintendents who worked at buildings managed by Park Avenue South Management within the last three years, the date above would be modified to December 1, 2012.

Similarly, the statement at the end of Section 1 that the judge "is giving the opportunity to all those employees who might have been affected by these alleged violations to join this collective action suit", id., inappropriately encourages recipients to opt in rather than deciding not to opt in. Defendants propose that the last sentence of Section 1 be replaced with

> *"The Judge has not decided who is right and who is wrong yet, but is notifying Building Superintendents who have worked as Building Superintendents in a building managed by Park Avenue South Management LLC at any time since December 1, 2013 about this lawsuit and their rights should they decide to join or not to join the lawsuit."*

Finally, Defendants request that the phrase "associated holding companies" in Section 1, which is an inaccurate characterization of the corporate building owners, be replaced with "the owners of such buildings."

### B. The Notice Should More Fully Inform Recipients of their Potential Discovery Obligations if they Opt In

As written, the first sentence of Section 3 (Pl. Ex. O at 2) does not fully and adequately inform potential opt-ins of the discovery obligations to which they may be subject if they opt in. To rectify this deficiency, Defendants respectfully request that the first sentence of Section 3 be modified to add the bolded words as follows:

> If you choose to join this lawsuit, you may be required to provide information **and documents**, attend **and participate in** a deposition, and/or testify **under oath**.

### C. Notice Should Only Be Sent to Superintendents Who Worked for Defendants in the Last Two Years

Plaintiffs' Proposed Notice includes all Superintendents who worked for Park Ave. South between December 1, 2009 and the present. This is well beyond the two or three year statute of limitations period for FLSA claims. 29 U.S.C. § 255(a). As currently written, Plaintiffs' proposed notice will be sent to many individuals who do not have a timely claim. This will only burden the

Court further as Defendants will then need to file motions to dismiss such untimely claims, which the Court will have to rule on.

### 1.  The Notice Period Should Not Include Claims that are Time-Barred under the FLSA

Under the FLSA, the statute of limitations is two years, but may be extended to three years if the claim arises from a "willful" violation. 29 U.S.C. § 255(a). *See, e.g.*, Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306, 314-15 (S.D.N.Y. 2013). However, Plaintiffs' proposed notice includes all superintendents who have worked for Defendants within the six-year limitations period for NYLL claims. Several recent decisions in the Southern and Eastern Districts have held that using the six-year notice period is inappropriate where, as here, plaintiffs have not yet moved for Rule 23 certification of the NYLL claims. *E.g.* Hamadou v. Hess Corp., 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (rejecting six-year notice period as potentially "confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims."); Iriarte v. Cafe 71, Inc., 2015 U.S. Dist. LEXIS 166945, at *14 (S.D.N.Y. Dec. 10, 2015) ("Until Plaintiff seeks Rule 23 certification — and establishes his ability to represent a class under the rigorous standard of Rule 23," notice should be limited to FLSA period.); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) ("Authorizing notice for a time period twice the length of the maximum FLSA limitations period would not serve the efficiency goal articulated in Hoffmann).

In this case, using the six-year period is particularly inappropriate because, in contrast to cases where the six-year period has been approved in this District, Plaintiffs have not brought any claims under the NYLL that are analogous to their federal claims.[10] Indeed, the only violations of

---

[10] As explained in more detail in Section II.C.2, Plaintiffs most likely did not plead violations of the NYLL minimum wage and overtime provisions because the method in which Plaintiffs allege they were paid is permissible

the NYLL alleged in Plaintiffs' Complaint relate to the wage notice requirements of NYLL § 195, which has no analogous FLSA counterpart and requires a separate factual inquiry. *Compare* Barry v. S.E.B. Serv. of N.Y., No. 11-CV-5089 (SLT) (JMA), 2013 U.S. Dist. LEXIS 166746, at *31 (E.D.N.Y. Nov. 22, 2013) ("Some decisions in this Circuit have authorized notice going back six years because *parallel* NYLL claims have a six-year statute of limitations.") (*emphasis added*). Thus, contrary to Plaintiffs' assertion they do not have any related claims under the NYLL. Accordingly, the time period should be limited to the two or three year period under the FLSA.

### 2. The Two-Year Period for Non-Willful Violations Should Apply

While Defendants vigorously deny having violated the FLSA, any possible violation was not willful. To satisfy the willfulness requirement, Plaintiffs must show that Defendants "showed reckless disregard for the matter of whether its conduct was prohibited by the statute." Galeana, 120 F. Supp. 3d at 315 (*quoting* McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). In this case, it is undisputed[11] that Plaintiffs were paid in a manner that complied with the New York Labor Law's exemption for residential janitors, which allows employers to compensate live-in janitors based on the number of units in the building rather than the number of hours worked, and excludes residential janitors from the New York Labor Law ("NYLL") minimum wage and overtime requirements. 12 N.Y. Comp.Codes R. & Regs. tit. 12 ("N.Y.C.R.R."), § 141-34. (Wage Order for the Building Service Industry, or "Wage Order"); *see also* Niemiec v. Ann Bendick Realty, No. 04-cv-00897, 2007 WL 5157027, at *4 n. 6 (E.D.N.Y. Apr. 23, 2007) (NYLL regulations "do not provide for either minimum wages or overtime wages for 'janitors,' who are instead paid based on the number of units in the building in which they worked.").

---

for NYLL purposes under the residential janitor exemption. See 12 N.Y. Comp.Codes R. & Regs. tit. 12 ("N.Y.C.R.R."), § 141-34. (Wage Order for the Building Service Industry, or "Wage Order")

[11] In their Complaint, Plaintiffs do not and cannot allege that Defendants' method of compensating superintendents violated the minimum wage or overtime requirements of the NYLL.

Defendants' good faith compliance with the prescribed payment scheme for residential janitors under New York law demonstrates that if Defendants' pay practices nevertheless violated the FLSA, such violations could not have been willful. Thus, if the Court decides to issue notice, the notice should be limited to the two-year period for non-willful FLSA violations.

**D. The Notice Should Only Reference Plaintiffs' FLSA Claims**

As noted, Plaintiffs have neither moved for class certification on their state law claims nor satisfied the more rigorous standard required for certification under Rule 23. Thus, for the reasons noted in § II.C.1, *supra*, the proposed Notice, if authorized, should be modified to remove any references to Plaintiffs' NYLL claims.

**E. The Opt-In Period Should Be 60 Days**

The time period potential opt-in plaintiffs are given to join or opt into this action should be 60 day from the date of the Notice of Pendency, rather than the 90 days proposed by Plaintiffs' counsel. Courts in the Second Circuit only grant a 90-day opt-in period where special circumstances require an extended period. *Compare* Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F.Supp.2d 445, 451-52 (S.D.N.Y. 2011) (60 days is the standard in the Second Circuit) *with* Fang v. Zhuang, No. 10 Civ. 1290, 2010 WL 5261197 (E.D.N.Y., Dec. 1, 2010) (90-day period granted due to transient nature of class, most of whom were migratory immigrants). In this case, Plaintiffs' counsel did not provide any reason why 60 days is insufficient. Thus, the opt-in period should be limited to the standard 60 days commonly authorized by courts in this Circuit.

**F. Plaintiff Has Not Established That Email Addresses or Social Security Numbers Are Needed For The Collective.**

"The request to compel production of social security numbers is within the Court's sound discretion." Whitehorn, 767 F. Supp. 2d at 448. Courts "often decline to allow discovery of social

security numbers due to privacy concerns" where, as here, Plaintiffs have failed to demonstrate that other methods of notice are inadequate to inform potential collective members of their rights. Id.; *see also* Chowdhury v. Duane Reade, Inc., No. 06 Civ. 2295 (GEL), 2007 U.S. Dist. LEXIS 73853, 2007 WL 2873929, at *6 (S.D.N.Y. Oct. 2, 2007) (denying production of social security numbers where plaintiff had "not demonstrated that such information will aid in further reducing the already low number of notices that were returned undeliverable"). The Court retains discretion to authorize the disclosure of Social Security numbers at a later date if an unusual number of notices sent by mail are returned as undeliverable. *See* Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 60 (S.D.N.Y. 2009); *see also* Guan Ming Lin v. Benihana Nat'l Corp., 275 F.R.D. 165, 179 (S.D.N.Y. 2011) (plaintiffs' request for social security numbers "remains premature and invasive of the employees' privacy" at conditional certification stage).

Courts have similarly found requests for disclosure of potential opt-ins' e-mail addresses to be premature and unduly invasive of privacy at this stage. *E.g.*, Iriarte, 2015 U.S. Dist. LEXIS 166945, at *16 (S.D.N.Y. Dec. 10, 2015) ("until a person opts into the claim, such personal information as email addresses and Social Security numbers are none of Plaintiff's business."). Even if the Court were to find that disclosure of employees' e-mail addresses were warranted at this time, Defendants would be unable to comply because they do not keep records of employees' e-mail addresses in the regular course of business.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion for Conditional Certification and Class-Authorized Notice pursuant to 29 U.S.C. §216(b) should be denied in its entirety. Should the Court decide to grant Plaintiffs' Motion for Conditional Certification, the proposed Notice should be modified as outlined herein.

Dated: Carle Place, NY
April 29, 2016



**LEEDS BROWN LAW, P.C.**

Laura R. Reznick, Esq.
Jeffrey K. Brown, Esq.
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

*Attorneys for Defendants 2500 ACP Partners  LLC,*
*Amsterdam Associates LLC, EMO Realty Partners*
*LLC, and Edward M. Ostad*


**FOX ROTHSCHILD LLP**

Carolyn D. Richmond, Esq.
James Lemonedes, Esq.
Glenn S. Grindlinger, Esq.
100 Park Avenue, Suite 1500
New York, New York 10017
(212) 878-7900

*Attorneys for Defendants Park Avenue South*
*Management LLC and Maurice McKenzie*


**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Eric Raphan, Esq.
Sean J. Kirby, Esq.
30 Rockefeller Plaza
New York, New York 10012
(212) 653-8700

*Attorneys for Defendant Gilanco Holdings, LLC*

19