UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                            :

VICENTE BAHENA, et al.,                    :

                          Plaintiffs,   :
                                      :          15-CV-1507 (VSB)
                    -v-                    :
                                      :          **MEMORANDUM & OPINION**
PARK AVENUE SOUTH MANAGEMENT  :
LLC, et al.,                               :

                        Defendants.  :

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2017

Appearances:

Bruce E. Menken
Grace C. Cretcher
Scott S. Simpson
Beranbaum Menken LLP
New York, New York
*Counsel for Plaintiffs*

VERNON S. BRODERICK, United States District Judge:

       Plaintiffs Vicente Bahena, Jonas Bahena, Jose Cruz Ayala, and Rafael Rodriguez bring this action against Defendants Park Avenue South Management, LLC, Gilanco Holdings, LLC, 2500 ACP Partners, LLC, EMO Realty Partners, LLC, Amsterdam Realty Partners, LLC, Maurice McKenzie, and Edward Ostad (collectively "Defendants") on behalf of themselves and a putative class and collective of similarly situated employees of Defendants. Plaintiffs allege that Defendants failed to pay them overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), and New York Labor Law, § 190 *et seq.* The parties reached a settlement. Before me is Plaintiffs' unopposed motion for: (1) preliminary approval of a class settlement agreement; (2) conditional certification of the proposed class; (3) approval

1

of the proposed notice of the settlement; and (4) appointment of class counsel and class representatives. For the reasons set forth herein, Plaintiff's motion is GRANTED.

I. **Factual and Procedural Background**

I assume the parties' familiarity with this case and refer the parties to my prior ruling granting conditional certification as a collective action for a recitation of a more complete factual background. (*See* Doc. 121.) Plaintiffs and members of the settlement class are current and former employees of Defendants who worked as building superintendents and porters in buildings owned, operated, or managed by Defendants between March 2009 and the present. (Am. Compl. ¶¶ 1, 50.)[1] Plaintiffs allege that Defendants violated the FLSA and wage and hour laws of New York by failing to pay them overtime wages for all hours worked in excess of 40 in all workweeks, failing to pay them the required minimum wage, and failing to provide the required notices. (*Id*. ¶¶ 56-58.)

Plaintiffs commenced this action by filing the Complaint on March 2, 2015. (Doc. 1.) On May 19, 2015, Plaintiffs filed their Amended Complaint. (Doc. 26.) On September 16, 2016, I granted Plaintiffs' motion for conditional certification as a collective action pursuant to Section 216(b) of the FLSA. (Doc. 120.) On February 27, 2017, I granted the parties' request to hold discovery in abeyance pending mediation. (Doc. 158.) On May 15, 2017, the parties participated in a mediation session at which they reached a settlement in principle. (Doc. 162.) On June 30, 2017, Plaintiffs filed their unopposed motion to approve the settlement agreement, certify the settlement class, authorize the class notice, and schedule a fairness hearing along with the memorandum of law in support and declaration of Bruce Menken, with exhibits. (Docs. 167, 168.)

---

[1] "Am. Compl." refers to the First Amended Complaint, filed May 19, 2015. (Doc. 26.)

## II. Discussion

### A. *Preliminary Approval of the Class Settlement*

District courts have discretion to approve proposed class action settlements. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). The parties and their counsel are in a unique position to assess the potential risks of litigation, and thus district courts in exercising their discretion often give weight to the fact that the parties have chosen to settle. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013).

Review of a proposed settlement generally involves preliminary approval followed by a fairness hearing. *Silver v. 31 Great Jones Rest.*, No. 11 CV 7442 (KMW)(DCF), 2013 WL 208918, at *1 (S.D.N.Y. Jan. 4, 2013). To grant preliminary approval, a court need only find "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.s*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks omitted). Preliminary approval is typically granted "where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Silver*, 2013 WL 208918, at *1 (quoting *In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)) (internal alteration omitted).

Having reviewed Plaintiffs' submissions, including the Settlement Agreement[2] and the Declaration of Bruce Menken, I conclude that the settlement is the result of substantial

---

[2] "Settlement Agreement" refers to the Proposed Class and Collective Action Settlement Agreement. (Doc. 167-3.)

3

investigative efforts, (Menken. Decl. ¶¶ 7-11; Pls.' Mem. 3),[3] arm's length negotiations, (Menken. Decl. ¶¶ 23-32; Pls.' Mem. 18), and that its terms are within the range of possible settlement approval, (Menken. Decl. ¶¶ 40-41; Pls.' Mem. 19).

### B. *Conditional Certification of the Proposed Class and Appointment of Class Counsel, Class Representatives, and Settlement Administrator*

I provisionally certify for settlement purposes the following "Settlement Class" under Federal Rule of Civil Procedure 23(e). The Settlement Class is defined as: all superintendents and porters who worked in a building or buildings managed, owned, or operated by Defendants between March 3, 2009 and the date of this order. (*See* Settlement Agreement § 2.30.)

To be certified under Rule 23(a), a class must meet that section's four requirements—numerosity, commonality, typicality, and adequacy of representation—as well as one element of Rule 23(b). In light of the fact that the Settlement Class has approximately seventy-four members, (Pls.' Mem. 14), Plaintiffs satisfy the numerosity requirement because "numerosity is presumed at a level of 40 members," *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). The Settlement Class also satisfies the commonality requirement because Plaintiffs and the class members share common issues of fact and law, including whether Defendants failed to pay them overtime wages and whether the alleged violations were willful. *See Silver*, 2013 WL 208918, at *2. In light of the fact that Plaintiffs and the class members are or were all porters and/or superintendents, Plaintiffs' claims are typical of those of the Settlement Class. With respect to adequacy of the class representatives, there is nothing to suggest that Plaintiffs' interests are antagonistic to those of the other class members. Finally, the proposed

---

[3] "Menken Decl." refers to the Declaration of Bruce E. Menken in Support of Plaintiffs' Consent Motion to Approve Settlement Agreement, Certify Settlement Class, Authorize Class Notice, and Schedule Fairness Hearing, dated June 30, 2017. (Doc. 167-1.) "Pls.' Mem." refers to the Memorandum of Law in Support of Plaintiffs' Consent Motion to Approve Settlement Agreement, Certify Settlement Class, Authorize Class Notice, and Schedule Fairness Hearing, filed June 30, 2017. (Doc. 168.)

4

Settlement Class satisfies Rule 23(b)(3) because "questions of law or fact common to class members predominate over any questions affecting only individual members," Fed. R. Civ. P. 23(b)(3), and because class adjudication "will conserve judicial resources and is more efficient for class members," *see Silver*, 2013 WL 208918 at *2.

Federal Rule of Civil Procedure 23(g)(1)(A) requires that a district court consider the following in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Based upon the investigations done by Mr. Menken and his colleagues in this case, (*see* Menken. Decl. ¶¶ 7-11), and their previous work as class counsel in similar cases, (*see id*. ¶¶ 33-39), I conclude that Mr. Menken meets the requirements of Rule 23(g). Accordingly, I appoint Plaintiffs' counsel, Bruce E. Menken of the law firm Beranbaum Menken LLP, as class counsel. I also appoint Vicente Bahena, Jonas Bahena, Jose Cruz Ayala, and Rafael Rodriguez as class representatives.

### C. *Approval of Class Notice*

Rule 23(c)(2)(B) requires for a class, such as this one, certified under Rule 23(b)(3), that

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

I have reviewed the proposed notice submitted by Plaintiffs, (Doc. 167-2), and conclude that it

5

constitutes the best notice practicable under the circumstances and meets the requirements of due process. In addition, I note that Plaintiffs will provide English and Spanish copies of the notice. Accordingly, Plaintiffs' proposed notice is approved.

### D. *Fairness Hearing Schedule*

I will hold a fairness hearing on December 1, 2017, at 11:00 a.m., in courtroom 518, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007. At this hearing, I will determine: (1) whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, just, reasonable, adequate, and in the best interest of the Settlement Class; (2) whether I should approve the Settlement Agreement; and (3) whether I should enter a Final Judgment of Dismissal. To the extent Plaintiffs will seek to recover attorney's fees, Plaintiffs are directed to submit contemporaneous billing records for each attorney who worked on the case at the time they file their motion for final settlement approval. In addition, Plaintiffs are directed to provide courtesy copies on or before November 20, 2017 of their submissions, which shall include a proposed order for final settlement approval.

## III. Conclusion

For the foregoing reasons, Plaintiffs' Motion, (Doc. 167), is GRANTED. The Clerk's Office is respectfully directed to terminate the motion at Document 167.

SO ORDERED.

Dated: August 4, 2017
        New York, New York

_____
Vernon S. Broderick
United States District Judge